BRETT L. TOLMAN, United States Attorney (#8821)
KARIN M. FOJTIK, Assistant United States Attorney (#7527)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682 • Fax: (801) 325-3357
karin.fojtik@usdoj.gov
_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH,  CENTRAL DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.  2:08CR00559 TC |
| Plaintiff, | | |
| | : | STATEMENT OF DISCOVERY POLICY |
| vs. | | |
| | : | |
| JAMES KENNETH WORDEN, | | JUDGE TENA CAMPBELL |
| | : | |
| Defendant. | | |

_____

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files its statement defining the discovery policy that the United States intends to employ in this case.

1.  The government shall make copies of, or will make available for inspection, the following items as defined in Rule 16 of the Federal Rules of Criminal Procedure:

        a.        Statements of the defendant;

        b.        The prior record of the defendant;

        c.        Documents and tangible objects which are intended to be used as evidence in the government's case in chief at the trial;

> d. Reports of examinations and tests which the government intends to use as evidence in its case in chief at the trial; and
>
> e. All tangible evidence, including documents, gathered by the investigating agencies, the United States Attorney's Office, or the grand jury from witnesses and potential witnesses during the investigation of this matter. Such items, including controlled substances, may be inspected by counsel after arrangements are made through this office with the investigative agency.
>
> a. A written summary of the testimony of any experts the government intends to use a trial under Federal Rules of Evidence 702, 703 and 705.

The above-described items will be made available to counsel as soon as practical after counsel has entered an appearance.

    2. Any document, tangible object, and report of examination and test which is material to the defense which are not made available for inspection pursuant to paragraph 1 will be made available, if in existence and in possession of the United States, upon specific request by the defendant and upon a showing of materiality by the defendant. If the parties are unable to agree on whether any item is material, the issue will be presented to the Court.

    3. This statement of policy eliminates the need for the defendant to make a written request for material discoverable pursuant to Rule 16 of the Federal Rules of Criminal Procedure, subject to the limitations listed above.

    4. This statement also eliminates the need for the defendant to make a written request for Jencks Act material with the exception of notes taken at pre-trial interviews of witnesses.

5. This statement of policy eliminates the need for the defendant to move for production of witness statements under Rule 26.2 of the Federal Rules of Criminal Procedure, subject to the limitations listed in paragraph 7 below.

6. This statement constitutes a request by the government for disclosure of evidence by the defendant (also known as reciprocal discovery) pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and DUCrimR 16-1(c). It is the position of the United States that this statement of discovery policy constitutes "open-file" discovery within the meaning of the local rule which states that the defendant must allow the government to inspect and to copy the following as defined in Rule 16 of the Federal Rules of Criminal Procedure:

    a. Documents and tangible objects which the defendant intends to introduce as evidence at trial;

    b. Reports of examinations and tests which the defendant intends to introduce at trial or which were prepared by a witness whom the defendant intends to call at trial; and

    c. A written summary of the testimony of any expert the defendant intends to use a trial under Federal Rules of Evidence 702, 703 and 705.

The statement constitutes a request by the United States that the defendant provide to the government, a reasonable time before trial, but at least five working days before trial, copies of the material listed in this paragraph and of all written and recorded statements by any witness other than the defendant whom the defendant intends to call at trial.

7. Upon specific request by the defendant, the United States will provide discovery of the grand jury testimony of law enforcement agents subject to Rule 26.2 of the Federal Rules of Criminal Procedure.

8. The United States will furnish all exculpatory and impeaching material pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v. United States</u>, 405 U.S. 150 (1972) and their progeny. The provision includes the grand jury testimony of law enforcement agents.

9. The United States acknowledges its continuing obligation to provide discovery of newly obtained material under the terms of this Statement. The United States expects the defendant to assume the same obligation.

DATED this 29th day of August, 2008.

BRETT L. TOLMAN
United States Attorney


 /s/ Karin M. Fojtik
KARIN M. FOJTIK
Assistant United States Attorney